**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Michael Iheme,

Plaintiff,

vs.

Speedway Superamerica, LLC,

Defendant.

Civil No. 01-CV-491 DWF/SRN

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER**
AND ORDER

**STIPULATION**

**IT IS HEREBY STIPULATED AND AGREED** by and between defendant Speedway SuperAmerica, LLC ("Defendant") and plaintiff Michael C. Iheme ("Plaintiff") as follows:

1. Any party may designate any documents or other information produced during discovery as "confidential", if the designating party in good faith believes that the designated materials constitute confidential or proprietary information or trade secrets. (Hereinafter, such designated material is referred to as "Confidential Information".)

2. The designating party may designate any information or documents as Confidential Information by:

(a) imprinting the word "confidential" on the first page or cover page of any document produced;

(b) imprinting the word "confidential" next to or above any answer to an interrogatory;

(c) advising the court reporter that certain deposition testimony is confidential and is to be separately transcribed and marked accordingly; or

FILED JUL 31 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

(d) informing opposing counsel, in writing, that certain information is Confidential Information and is governed by this Stipulation for Entry of Protective Order.

3. Information designated as Confidential Information shall not be given, shown, made available, or communicated in any way to anyone other than:

(a) the parties;

(b) the parties' attorneys and their office staffs;

(c) Defendant's officers, directors and representatives involved in this litigation on behalf of Defendant;

(d) the Court and its staff;

(e) outside consultants and experts retained by the parties to assist in preparation for trial or settlement and the office staffs of such consultants and experts;

(f) court reporters and witnesses to the extent necessary to conduct depositions;

(g) such other persons as the Court may specifically approve after notice and hearing; and

(h) such other persons as the parties may agree in writing.

4. Before disclosing Confidential Information to outside consultants and experts retained to assist in preparation for trial or settlement, counsel for the party proposing to make such a disclosure shall obtain from these individuals an agreement in writing to be bound by this Stipulation for Entry of Protective Order. Anyone who signs such an agreement will be bound by this Stipulation for Entry of Protective Order. These agreements need not be disclosed to opposing counsel, unless ordered by the Court or requested by a party.

5. The people to whom paragraph 3 permits disclosure of Confidential Information shall not use or communicate it for any purpose other than preparation for trial or settlement of this matter.

6. There shall be no reproduction of documents designated as Confidential Information except that, as required in the course of the litigation, copies, excerpts or summaries may be shown or given to those persons authorized by paragraph 3 to receive the Confidential Information.

7. Confidential Information required to be filed with the Court shall be filed in a sealed envelope that bears the caption of this action and a legend declaring that its contents are subject to a Protective Order and shall be available for inspection only by the Court and by those persons authorized by this Stipulation for Entry of Protective Order to receive Confidential Information. The fact that information is designated as Confidential Information shall not be deemed to be determinative of what the Court as a trier of fact may subsequently determine to be confidential. Absent a stipulation by the parties, the fact of such a designation by a party shall not be admissible as evidence during the trial of the above matters. No document introduced into evidence shall bear any mark designating it as confidential, absent stipulation of the parties or Court Order.

8. If, at the time of trial, any party wants to use any Confidential Information, that party shall give timely notice of that intention to the Court and to the other parties, and the Court may take such steps as it deems reasonably necessary to preserve the confidentiality of such information.

9. Within 30 days after the final resolution of this action, the parties shall destroy or return to the producing party all Confidential Information and all copies of Confidential Information that they possess or that they have provided to people, other than those associated with the Court, authorized to receive Confidential Information by Section 3 of this Stipulation for Entry of Protective Order. Attorneys of record, however, may retain one archival copy of Confidential Information and memoranda, briefs, correspondence, affidavits, and court filings containing Confidential Information, all of which shall remain subject to this Stipulation for Entry of Protective Order. Confidential Information kept by attorneys of record shall be stored or destroyed in accordance with the practice for handling client files at the respective law firms.

10. This Stipulation for Entry of Protective Order is without prejudice to any right of a party to make any lawful use of information lawfully obtained apart from the discovery process, and the fact that information obtained apart from the discovery process is also contained in Confidential Information shall have no effect on a party's right to make any lawful use of such information.

11. Nothing in this Stipulation for Entry of Protective Order shall be deemed to prevent the parties' attorneys as part of their discovery and investigation in this matter from questioning, to the extent permitted by the Federal Rules of Civil Procedure, people who might reasonably be expected to have knowledge or information about topics that are discussed in Confidential Information.

12. Nothing in this Stipulation for Entry of Protective Order shall prevent any party from seeking a modification of the Protective Order or objecting to discovery that it believes to be otherwise improper.

13. This Stipulation for Entry of Protective Order shall be effective retroactively to the date by which counsel for Plaintiff and Defendants have signed this document.

14. The inadvertent or unintended disclosure of Confidential Information by the supplying party, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of the party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

15. In the event that any party disputes the designation of information as Confidential Information, the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute can not be resolved informally, the party challenging the confidential designation may seek appropriate relief from the Court, with the burden on the designating party to show that the information is confidential in nature. A party shall not be obligated to challenge the propriety of the designation of Confidential Information at the time made, and the failure to do so shall not preclude a subsequent challenge thereto in the event that a party disagrees at any point in these proceedings with the designation of information as Confidential Information.

Dated: July 26, 2001

FAEGRE & BENSON LLP

John W. Polley, #173988
Marcy R. Frost, #229933

2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

Attorneys for Defendant
Speedway SuperAmerica, LLC

Dated: JULY 25, 2001

HALUNEN & NESS, LLP

Clayton D. Halunen (#219721)

155 5th Avenue South
Suite 810
Minneapolis, MN 55401

Attorney for Plaintiff
Michael C. Iheme

**ORDER**

Based on the foregoing stipulation, **IT IS SO ORDERED**:

Dated: July 31, 2001

Susan Richard Nelson
The Honorable
Magistrate Judge Susan Richard Nelson

M1:775594.01

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.

# Please forward this announcement to the recipient of this fax.

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500